IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01276-DDD-SBP

ZCOLO, LLC,

    Plaintiff,

v.

INFORMATION TECHNOLOGY PARTNERS, INC.,

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF No. 22)**

---

**Susan Prose, United States Magistrate Judge**

    Plaintiff zColo, LLC ("zColo") seeks its attorney's fees, Motion for Attorney's Fees, ECF No. 22 ("Motion"), after the court entered default judgment against defendant Information Technology Partners, Inc. ("ITP"). Default Judgment, ECF No. 21; *see also* Amended Recommendation of United States Magistrate Judge, ECF No. 19 ("Amended Recommendation" or "Am. Rec."); Order Adopting Amended Recommendation, ECF No. 20. The Motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Order Referring Motion, ECF No. 23. ITP has not filed a response to the Motion or otherwise challenged the relief sought. For the reasons below, the Motion for Attorney's Fees is **GRANTED**, and the court awards zColo its fees in the amount of $12,833.25.

    The court has previously determined that zColo is entitled to its attorney's fees under the contract between the parties. *See* Am. Rec. at 13; Order Adopting Amended Recommendation at 2. Thus, the only issue before the court is whether the fees sought are reasonable. "To

1

determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee. The lodestar calculation is the product of a number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The party seeking an award of fees bears the burden of demonstrating the reasonableness of the hours billed and rates charged. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). To carry this burden, the party must "submit[] meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Ultimately, a court has considerable flexibility in determining what is a reasonable amount of any fee award, and such determinations are reviewed under the deferential abuse-of-discretion standard. *See, e.g.*, *Kerner v. City & Cnty. of Denver*, 733 F. App'x 934, 935-39 (10th Cir. 2018).

The court finds that zColo has readily demonstrated the reasonableness of the rates charged by its attorneys and support staff, as well as the number of hours billed. The hourly rates charged by the zColo's attorneys—ranging between $373.50 and $385 for an associate and $495 and $565 for a partner—and $260 per hour for support staff, are well within the range that courts in this District have deemed reasonable.[1] *See, e.g.*, *Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-00304-WJM-NRN, 2021 WL 2981970, at *3 (D. Colo. July 15, 2021) (collecting cases and noting that "hourly rates—ranging from $365 to $895 for attorneys,

---

[1] The court also notes that these rates are discounted from the customary rates charged by each attorney. *See* Motion at 9.

2

and $250 to $275 for support staff—are lower than hourly rates previously approved by this Court and others within the District").

zColo submits that its attorneys and paralegals have billed 32.8 hours in drafting the complaint and filing this case, preparing the Motion for Default Judgment, ECF No. 10, and Amended Motion for Default Judgment, ECF No. 14,[2] and in preparing the Motion for Attorney's Fees. Motion at 5; *see also* ECF No. 22-2. On its face, 32.8 hours strikes the court as eminently reasonable given the nature and circumstances of this case. Moreover, the court has reviewed the billing records submitted in support of the Motion, ECF No. 22-2, and does not detect any duplicative billing or clearly excessive time spent on tasks. Consequently, the court finds it appropriate for zColo to recover the full amount of the attorney's fees sought in its Motion.

For these reasons, the Motion for Attorney's Fees, ECF No. 22, is **GRANTED**. zColo is awarded its attorney's fees in the amount of 12,833.25.[3]

---

[2] Because the only difference between the Amended Motion for Default Judgment and original Motion for Default Judgment is an update to the amount of the judgment sought, *see* Am. Rec. at 4, the court concludes that zColo should receive its fees incurred in preparing both Motions.

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

DATED: April 30, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge